**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RANDALL T. HUTCHISON,**

    **Petitioner,**

        **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

        **CASE NO. 2:20-CV-1722**
        **CRIM. NO. 2:09-CR-294(1)**
        **JUDGE EDMUND A. SARGUS, JR.**
        **Magistrate Judge Kimberly A. Jolson**

## <u>REPORT AND RECOMMENDATION</u>

Petitioner has filed a Motion to Vacate under 28 U.S.C. § 2255. (Docs. 116, 118). This matter is before the Court on the Motion to Vacate and Respondent's Response. (Doc. 120). For the reasons that follow, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 be **DENIED** and that this action be **DISMISSED.**

## I.      BACKGROUND

On March 18, 2010, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to conspiracy to falsely make, alter and pass obligations of the United States and falsely making one or more counterfeit obligations of the United States. (Doc. 30). On March 15, 2011, the Court imposed a term of 24 months' imprisonment to be followed by three years of supervised release. (Doc. 52). In February 2015, Petitioner was arrested for violating the terms of his supervised release due to the filing of new criminal charges involving felonious assault on a police officer. (*See* Docs. 78–80). On August 20, 2015, the Court imposed a term of 24 months' imprisonment for the violation of the terms of Petitioner's supervised release. (Docs. 100, 101). Petitioner did not file an appeal.

On April 2, 2020, Petitioner filed a "Writ of Mandamus Motion to Withdraw guilty plea," which has been docketed as a Motion to Vacate under 28 U.S.C. § 2255. (Doc. 116). The Court advised Petitioner that his claims would be properly considered under 28 U.S.C. § 2255 and that any subsequent motion would be subject to the successive filing restrictions, providing him with the opportunity to amend the Motion to Vacate to include any additional claims. (Doc. 117). On April 20, 2020, Petitioner filed what has been docketed as a letter and Memorandum in Support of his Motion to Vacate under 28 U.S.C. § 2255. (Doc. 118). Petitioner asserts that he is innocent of the charges forming the basis for the revocation of his probation, and that state and federal authorities withheld or concealed evidence establishing his innocence and falsified or fabricated evidence against him. He also indicates that he suffers from asthma and fears that he will contract COVID-19 while in jail and die. (*See* Docs. 116, 118).

The record indicates, however, that Petitioner's sentence has now completely expired. On November 9, 2016, Petitioner was released from custody of the Federal Bureau of Prisons and transferred to the custody of the Ohio Department of Rehabilitation and Corrections at the Toledo Correctional Institution where he began serving his sentence on state criminal charges. (Doc. 120, PAGEID # 315). Therefore, as discussed below, this Court lacks jurisdiction to consider Petitioner's claims.

## II.     DISCUSSION

Pursuant to § 2255(a):

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A defendant must be 'in custody' for the conviction or sentence under attack at the time his § 2255 motion is filed." *United States v. Koertel*, No. 13-CR-00346, 2016 WL 4524860, at *2 (E.D. Cal. Aug. 30, 2016) (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *United States v. Krboyan*, No. 10-cv-2016, 02-cr-5438, 2010 WL 5477692, at *4 (E.D. Cal. Dec. 30, 2010)) (holding that district court lacked jurisdiction to consider § 2255 motion where the petitioner's sentence had completely expired and he remained in the custody of the Department of Homeland Security awaiting removal proceedings). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 F. App'x 188, 190 (6th Cir. 2002) (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. But a petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition does not. *Maleng,* 488 U.S. at 492–93. Moreover, "[t]he collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 2002 WL 31828191, at *1 (citing *Maleng*, 490 U.S. at 492).

Relevant here, as discussed, Petitioner's sentence completely expired prior to the filing of this action. Accordingly, he is not "in custody" on the judgment now under attack, and this Court lacks jurisdiction to consider Petitioner's motion under 28 U.S.C. § 2255.

### III.    DISPOSITION

Accordingly, it is **RECOMMENDED** that the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 63) be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: July 24, 2020                                      /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE