# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RANDALL T. HUTCHISON,**

            **CASE NO. 2:20-CV-1722**
    **Petitioner,**       **CRIM. NO. 2:09-CR-294(1)**
            **JUDGE EDMUND A. SARGUS, JR.**
    **v.**           **Magistrate Judge Kimberly A. Jolson**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

On July 24, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Vacate under 28 U.S.C. § 2255 be denied and that this action be dismissed for lack of jurisdiction, as the record reflects that Petitioner's sentence has completely expired.  (ECF No. 121.)  Petitioner has filed an Objection and request for an evidentiary hearing.  Petitioner again argues that he is the victim of police and prosecutorial misconduct and actually innocent of the charges forming the basis for his probation revocation.  Petitioner does not address the recommendation of dismissal of this action on the basis that he no longer remains in custody on the judgment under attack.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review.  For the reasons discussed by the Magistrate Judge, Petitioner's Objection is **OVERRULED**.  The Report and Recommendation (ECF No. 121) is **ADOPTED** and **AFFIRMED**.  The Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 116) is **DISMISSED**.  Petitioner's request for an evidentiary hearing is **DENIED.**  Petitioner's Motion for Discovery and Motion to Grant Funds (ECF No. 122) is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Reasonable jurists would not debate the dismissal of this action. Accordingly, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

s/Edmund A. Sargus, Jr. 12/13/2020
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**