IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANDALL T. HUTCHISON,

   CASE NO. 2:20-CV-1722
 Petitioner,   CRIM. NO. 2:09-CR-294(1)
   JUDGE EDMUND A. SARGUS, JR.
 v.   Magistrate Judge Kimberly A. Jolson

UNITED STATES OF AMERICA,

 Respondent.

## ORDER

Petitioner has filed a petition for a Writ of Mandamus requesting that the Assistant United States Attorney who prosecuted this case be ordered to "tell the truth" to prison officials regarding a prior newspaper article in the Columbus Dispatch and Petitioner's involvement with federal authorities as a confidential informant so that Petitioner can be placed into protective custody.[1]  (Doc. 125).  Respondent has filed a Motion to Dismiss.  (Doc. 128).  For the reasons that follow, the Motion to Dismiss (Doc. 128) is **GRANTED.**  The petition for a Writ of Mandamus (Doc. 125) hereby is **DISMISSED**.

28 U.S.C. § 1361 provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Additionally, 28 U.S.C. § 1651 provides that  "federal courts may issue all writs in aid of their respective jurisdictions, including writs in the nature of mandamus."  *O'Georgia v. U.S. Dep't of Justice*, 370 F. Supp. 2d 657, 659 (N.D. Ohio 2005) (citing *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970)).  However, "[a]

---

[1] Petitioner was released from the custody of the Federal Bureau of Prisons in November 2016 after completing his federal sentence and is presently in the custody of the Ohio Department of Rehabilitation and Corrections serving a sentence on state criminal charges.  (Doc. 120, PAGEID # 315).

writ of mandamus is an extraordinary remedy, and is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and the defendant owes the plaintiff a clear nondiscretionary duty." *Id*. (citing *Willis v. Sullivan*, 931 F.2d 390, 395 (6th Cir. 1991) (citing *Heckler v. Ringer,* 466 U.S. 602, 616–17 (1984)).  It "is to be used 'sparingly and only in the most critical and exigent circumstances.'" *Wisconsin Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1305–06 (2004) (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986)); *see also Will v. United States*, 389 U.S. 90, 95–96 (1967) (describing the peremptory writ as one of "the most potent weapons in the judicial arsenal"). "[M]andamus relief is appropriate only if the petitioner shows that his right to relief is 'clear and indisputable,' and that there exists 'no other adequate means to attain the relief he desires.'" *Caldwell v. United States*, No. CV 6:14-225-DLB, 2015 WL 7455824, at *3 (E.D. Ky. Nov. 23, 2015) (citing *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980)).  For example,

> the writ has been invoked where unwarranted judicial action threatened 'to embarrass the executive arm of the government in conducting foreign relations,' *Ex parte Republic of Peru,* 318 U.S. 578, 588, 63 S.Ct. 793, 799, 87 L.Ed. 1014 (1943), where it was the only means of forestalling intrusion by the federal judiciary on a delicate area of federal-state relations, *State of Maryland v. Soper,* 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926), where it was necessary to confine a lower court to the terms of an appellate tribunal's mandate, *United States v. United States Dist. Court*, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948), and where a district judge displayed a persistent disregard of the Rules of Civil Procedure promulgated by this Court, *La Buy v. Howes Leather Co*. . . . And the party seeking mandamus has the burden of showing that its right to issuance of the writ is 'clear and indisputable.'

*Will*, 389 U.S. at 95–96 (internal citations and quotations omitted).  Courts apply a three-part test when determining whether mandamus may be appropriate:  the party seeking relief must present a "clear and certain claim"; the government official must have a "nondiscretionary, ministerial" duty to act; and there must be no other available adequate

2

remedy for relief.  *See Alwan v. Risch*, No. 2:18-cv-0073, 2019 WL 1427909, at *2 (S.D. Ohio March 29, 2019) (citations omitted).

Plainly, the record does not reflect such circumstances here.  Petitioner's allegations of prosecutorial misconduct are without support and the record does not indicate any duty of the former prosecutor on Petitioner's closed criminal case to intervene with the Ohio Department of Rehabilitation and Corrections to assist the Petitioner in being placed in protective custody based on events that allegedly occurred more than ten years ago.  Further, the record does not indicate that Petitioner has exhausted other potential avenues of relief.

Respondent's Motion to Dismiss the petition for a Writ of Mandamus (Doc. 128) therefore is **GRANTED.**

The petition for a Writ of Mandamus (Doc. 125) is **DISMISSED**.

**IT IS SO ORDERED**.

<u>s/Edmund A. Sargus, Jr. 2/10/2021</u>
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**